

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARY D. WILLIAMS, PHILLIP J. SNYDER, DAWN L. STROHECKER<br>PLAINTIFFS | : | CONSOLIDATED NO. 1:CV-00-1838 |
| v. | : | (JUDGE SYLVIA H. RAMBO) |
| HENSON TRANSPORT, INC., HENSON TRUCK LEASING, INC., and BARRY HENSON,<br>DEFENDANTS | : | JURY TRIAL DEMANDED |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PETITIONS FOR ATTORNEY FEES AND LIQUIDATED DAMAGES OF PLAINTIFFS WILLIAMS, SNYDER, AND STROHECKER**

## *I. INTRODUCTION*

Defendants submit the within Memorandum and accompanying Exhibits in opposition to the request for liquidated damages on behalf of Plaintiff Williams and in opposition to the Attorney Fee Petitions submitted on behalf of Plaintiffs Williams, Snyder, and Strohecker. Defendants request denial of liquidated damages to Plaintiff Williams and reduction in claimed attorney fees and costs for all Plaintiffs at the Honorable Court's discretion and in accordance with the calculations contained herein.

## *II. DENIAL OF LIQUIDATED DAMAGES TO PLAINTIFF WILLIAMS*

Liquidated damages to Plaintiff Williams must be denied. This Honorable Court, in its sound discretion, may withhold or reduce the amount of liquidated damages "if the employer shows…that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that such act or omission was not a violation of the [FLSA]. Brooks v. Village of Ridgefield Park, 185 F.2d 130, 137 (3d Cir. 1999) (citing 29 U.S.C. §260).

In the present case, Barry Henson had an "honest intention to ascertain and follow" the dictates of the FLSA as evidenced by his inviting a member of the Department of Labor to the workplace to discuss, specifically, the issue of overtime compensation with his employees. See Brooks, *supra*. The application of the overtime provisions of the FLSA to certain employees was clearly complex,

with certain individuals performing exempt and non-exempt tasks simultaneously while in Mr. Henson's employ. Thus, the "objective" standard of the reasonableness of Mr. Henson's failure to pay Plaintiff Williams overtime pay is equally satisfied. Under such circumstances, the imposition of liquidated damages is inappropriate as it would be unfair to impose upon Defendants more than the compensatory verdict in light of the good faith efforts of Mr. Henson to ascertain the applicability of the overtime provisions of the FLSA to Plaintiff Williams.

## *III. CALCULATION OF ATTORNEY FEES AND COSTS*

This Honorable Court is vested with "broad discretion in awarding attorney fees so long as it employs correct standards and procedures and makes findings of fact [which are] not clearly erroneous." Cityside Archives, LTD. v. New York City Health & Hospitals Corp., 37 F. Supp. 652, 657 (D.N.J. 1999). More specifically:

> In evaluating the proper amount of attorney's fees to award in certain cases, the Third Circuit...has been guided by the standards and procedures articulated in two United States Supreme Court cases, Hensley v. Eckerhart, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S.Ct. 1933 (1983) and Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 92 L. Ed. 2d 439, 106 S.Ct. 3088 (1986). In both cases, the Supreme Court adopted the "lodestar" formula, which requires multiplying the number of hours reasonably expended by the reasonable hourly rate.

Id. at 657-58. Thus, the lodestar formula as defined by the Third Circuit governs Plaintiffs' Petitions for Attorney Fees.

The Third Circuit Court of Appeals set forth the appropriate methodology for a district court to follow in awarding, and potentially limiting, attorney fees pursuant to the lodestar formula in Pennsylvania Environmental Defense Foundation (P.E.D.F.) v. Canon-McMillan School District, 152 F.3d 228 (3d. Cir. 1998) (internal citations omitted). The Third Circuit explained

> The 'starting point' in determining the appropriate hourly rate is the attorneys' usual billing rate. The Supreme Court has directed that the district court should then consider the 'prevailing market rates' in the relevant community. In calculating the second part of the lodestar determination, the time reasonably expended, the district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary. Once the court has calculated the lodestar it may adjust that amount, primarily based on the degree of success that the plaintiff obtained.

Id. at 231. In the present case, Defendants respectfully submit that this Honorable Court sharply reduce Plaintiffs' requested attorney fees based on the relevant factors to such determination as discussed more fully herein.

## *1. REASONABLE HOURLY RATE*

Generally, a reasonably hourly rate for purposes of the lodestar calculation "is to be calculated according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d. Cir. 1990). On the surface, Defendants concede that the hourly rates set forth in Plaintiffs' Petitions for Attorney Fees are not unreasonable in amount.

Notwithstanding the foregoing concession, Defendants contend that Plaintiffs' Petitions seek to create a windfall for Plaintiffs' attorneys rather than merely compensating them for the fees only for successful claims. Defendants reiterate the sentiments of the Third Circuit Court of appeals in Polselli v. Nationwide Mutual Fire Insurance Company, 126 F.3d 524, 537 (3d Cir. 1997) wherein the Third Circuit cautioned that "[f]ee-shifting statutes were not designed as a form of economic relief to improve the financial lot of lawyers.". Polselli v. Nationwide Mutual Fire Insurance Company, 126 F.3d 524, 537 (3d Cir. 1997). Further, in the seminal case of Hensley v. Eckerhart, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S.Ct. 1933 (1983), the United States Supreme Court noted that application of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (CA5 1974) are helpful in ensuring proper representation for employees, "but which do not produce windfalls to attorneys." Id. at 430, 103 S.Ct. at 1938. However, in the present case, to award Plaintiffs' attorneys fees as requested in their Petitions would achieve just such a result.

The nature of Plaintiffs' fee agreements with their counsel, a contingent fee agreement (Exhibit "A"), is relevant to the determination of a reasonably hourly rate in the lodestar calculation, although admittedly not dispositive. See Hensley, 461 U.S. at 430, 103 S.Ct. at 1938 (citing Johnson, *supra*) (factor (6) [consideration of] whether the fee is fixed or contingent). In the present case,

Plaintiff Snyder had a contingent fee agreement with counsel for thirty-three and one-third (33 1/3%) of any amount recovered on account of the lawsuit. The fee request made by Plaintiff Snyder's counsel is more than Thirty-One times (31x) the amount of fees he would have recovered pursuant to the contingent fee agreement; Seventeen times (17x) the amount of fees recovered on behalf of Plaintiff Strohecker; and Ten times (10x) that which he would be entitled to receive for Plaintiff Williams. Such requests are grossly excessive, rendering the rate unreasonable.

***2. TIME REASONABLY EXPENDED***

In calculating the second part of the lodestar formula, "the district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Cityside Archives, LTD. v. New York City Health & Hospitals Corp., 37 F. Supp. 2d 652, 658 (D.N.J. 1999). Only time considered "useful and of a type ordinarily necessary to secure the final result obtained from the litigation" is considered reasonable. Id. The Plaintiffs, as fee applicants, bear the burden of establishing entitlement to an award of fees "and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. ***The lodestar does not apply on time expended on unsuccessful claims and no fees should be awarded on unsuccessful claims.***

Hanley v. American Inline Graphics, Inc., 1992 U.S. Dist. LEXIS 9152, *2 (E.D. Pa. 1992).

***a. Elimination of Redundant or Duplicate Hours***

Defendants respectfully submit that the time entries submitted on behalf of the Plaintiffs' Petitions for Attorney Fees evidence gross redundancy and duplication in hours billed for particular tasks. In short, Defendants contend that Plaintiffs' counsel has charged the three Plaintiffs with all time devoted to tasks performed on behalf of all seven original Plaintiffs, including the four Plaintiffs dismissed entirely from the action by this Honorable Court. Thus, the time billed to the three successful Plaintiffs as evidenced by the time strips, allocates all time devoted to one task performed for the mutual benefit of all seven original Plaintiffs prior to December 4, 2001 to the three Plaintiffs entitled to request attorney fees from this Honorable Court. Instead, counsel should have properly divided the total number of hours expended on one task prior to December 4, 2001 equally between all seven original Plaintiffs and requested only such portion of the fee attributable to the three remaining Plaintiffs in the instant Petitions. Similarly, after December 4, 2001 and the dismissal of four of the original seven Plaintiffs, time entries must divide the total number of hours expended on one task by three, the number of remaining Plaintiffs, and allocate the resulting figure equally between the three.

By way of illustration, on 12/5/2000, attorney JAB for Plaintiffs records a time entry for 2.6 hours for "preparation of interrogatories" for all three Plaintiffs. Thus, initially it would appear that JAB expended 7.8 hours on 12/5/2000 on the identified task. However, notwithstanding that such an expenditure of time would be excessive even if true, at the time the entry is made JAB was drafting Interrogatories for seven Plaintiffs, not just three. Thus, JAB's time entry must be read to mean that she spent 18.2 hours on 12/5/2000 drafting Interrogatories, an amount that Defendants submit is simply unrealistic and, nevertheless, grossly excessive. Such is the required interpretation of the time entry as there is no reason why the three petitioning Plaintiffs would have equal time expended on drafting Interrogatories on their behalf, but the other four Plaintiffs involved in the case at the time of the entry would not have had equal time expended on drafting their Interrogatories as well, particularly because the Interrogatories submitted on behalf of all Plaintiffs were identical with only the name of the Plaintiff by whom the Interrogatories were propounded being changed.

Defendants propose reduction of Plaintiffs hours for duplication and redundancy similar to the above illustration for all time entries noted on Exhibit "B". The time entries on Exhibit "B" evidence virtually identical description of tasks for the three petitioning Plaintiffs with identical time entries for each such task. For each redundant entry prior to 12/4/01, Defendants propose division of

each respective time entry by seven, thus properly accounting for time attributed to all Plaintiffs involved in the case at the time of the entry, and attribution of the resulting figure to each of the three petitioning Plaintiffs equally. Thus, the 2.6 hour entry described above for JAB must be reduced to .4 hours for each petitioning Plaintiff, thus resulting in a more accurate depiction of time expended on the task performed by JAB as attributable to only the petitioning Plaintiffs. The appropriate reduction of hours attributable to each task based on such methodology prior to 12/4/01 is illustrated in Exhibit "C".

Similarly, time entries after 12/4/01 must be divided by three; leaving a figure to be allocated properly to all three Plaintiffs and thus avoiding redundant billing of total time devoted to one task to each individual Plaintiff. Such reduction is illustrated in Exhibit "D". For both Exhibits "C" and "D", the number in parentheses is the difference in hours billed and the hours properly divided by all seven Plaintiffs, or the three remaining Plaintiffs. Thus, the parenthetical figure is properly subtracted from each respective Plaintiff for each corresponding entry.

Exhibit "E" summarizes the total time to be reduced for each Plaintiff, both before and after 12/4/01, resulting in a necessary reduction of the following hours reasonably expended and corresponding fees for each Plaintiff:

*Williams*: Reduction of 66.84 hours for redundancy and/or duplication, equaling a corresponding reduction in fees of $7,675.60;[1] *Snyder*: Reduction of 66.84 hours for redundancy and/or duplication, equaling a corresponding reduction in fees of $7,675.60; *Strohecker*: Reduction of 51.44 hours for redundancy and/or duplication , equaling a corresponding reduction in fees of $5,787.60. (Exhibit "E"). Such reductions in hours and fees must be calculated in the determination of the lodestar figure with regard to "hours reasonably expended", in addition to the reductions required of hours for the reasons more fully set forth below.

***b. Lack of distinction between time expended on overtime claims and claims dismissed on Defendants' Motion to Dismiss and/or Motion for Summary Judgment.***

Plaintiffs succeeded on only one claim in this case, *i.e.* overtime compensation. Time and fees devoted to Plaintiffs' RICO claims, and all other claims masked as Service Contract Act claims, are not reimbursable attorney fees in the present Petitions. Because the time strips submitted in conjunction with Plaintiffs' Petitions for Attorney Fees fail to distinguish between time allegedly expended on Plaintiffs' overtime claims, and time expended on claims that were

[1] The 66.84 hours is arrived at by adding together the "Total Reduction of Hours Necessary" column in Exhibit "G". The same calculation is true for Plaintiffs Snyder and Strohecker. The number of hours needed to be reduced is set forth separately for each of Plaintiffs' lawyers, as well as for the paralegal time charged. The reduction in fees was arrived at by multiplying the corresponding hourly reduction with the appropriate hourly rate.

dismissed,[2] the indistinguishable time entries must be excised, or at a minimum reduced, in this Honorable Court's discretion.

The Hensley Court clearly articulated the need for a fee applicant to distinguish between time expended on successful and unsuccessful claims. The Hensley Court opined that "[t]he applicant should exercise 'billing judgment' with respect to hours worked...***and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims***." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941 (emphasis added). Without doing so, Plaintiffs merely speculate as to hours expended on the one successful claim, that for overtime compensation, and the time spent on those claims that this Honorable Court determined were without merit from the outset, either for failure to state a claim or because no private right of action existed to enforce Service Contract Act claims.

By way of example, Plaintiffs' counsel's time strips identify generally time expended on "review of records" or "discovery responses" without any further explanation. (See Plaintiffs' Petitions, Exhibits "A"). Plaintiff Snyder's time

---

[2] Plaintiffs' counsel's attempt to discount the lack of specificity with respect to the time strips submitted in support of the Petitions for Attorney Fees is worthy of no consideration by this Honorable Court. (See Plaintiffs' Memorandum of Law, p. 5, n.1). By simply stating that the Plaintiffs have requested attorney fees and costs only for the time spent on the cases of Plaintiffs Snyder, Strohecker and Williams and only for the cause of action upon which Plaintiffs prevailed, Plaintiff's counsel falls woefully short of meeting his burden of establishing entitlement to hours "reasonably expended" on the successful overtime claim. There is no indication of what fractional interest, if any, of hours is contained within the Petitions, and Plaintiffs' counsel cannot remedy such defect by a *post-hoc* explanation or guess-work. See Hensley, 461 U.S. at 427, 103 S.Ct. at 1941 (citing Nadeau v. Helgomoe, 581 F.2d 275, 279 (CA1 1978)). Accordingly, hours that cannot be distinguished between successful and unsuccessful claims must be excised. Alternatively, this Honorable Court must make a downward adjustment to account for such deficiency in recording time.

strips include over ten (10) hours of time from January 2001 through September 2001 for "review" of "discovery responses" or assorted "records". Such review could not have been of documents pertaining to Plaintiff Snyder's overtime claims, or any overtime claim of Plaintiffs, as Plaintiffs have only utilized the Department of Labor calculations throughout the entire litigation to support their theories of entitlement to overtime compensation. The only documents supporting such calculations were held by the Department of Labor, which the DOL refused to provide Plaintiffs. The DOL calculations pertaining to overtime pay were minimal, consisting primarily of one summary page of wages allegedly owed, with a corresponding hours calculation for each Plaintiff. (Exhibit "F"). These documents were stipulated to by the Defendants without the need for further calculation by Plaintiffs. There were no other "records" or "discovery responses" for Plaintiffs' counsel to have reviewed relative to the overtime claims.

To the contrary, as evidenced by the discovery requests of Plaintiffs and the Defendants' responses thereto, the voluminous records produced and available for Plaintiffs' counsel's review pertained to the U.S. Mail Contracts maintained by Defendants and the alleged Service Contract Act violations allegedly committed by Defendants. However, all such claims made by Plaintiffs were dismissed and hours expended on "review of documents" and "discovery responses" pertaining to documents associated with such claims is unrecoverable by Plaintiffs' counsel.

Without distinguishing between time expended on such claims, Plaintiffs' counsel fail to meet their burden of demonstrating hours "reasonably expended" on their overtime claims. The time must be excised, and drastically reduced to account for the minimal review of documents supporting Plaintiffs' overtime claims.

Similarly, time expended for drafting Plaintiffs' Briefs in Opposition to Defendants' Motion for Summary Judgment is not compensable to Plaintiffs' counsel without identification of what amount of time was devoted to defending only those portions of the Motion for Summary Judgment pertaining to overtime claims. Again, counsel fees incurred in drafting a response to Defendants' Motion relating to "straight time" pay claimed by Plaintiffs pursuant to which Defendants prevailed, is not recoverable in the present action.

Plaintiffs attempt to recover counsel fees for time devoted to the prosecution of all seven original Plaintiffs' claims, without distinction between time expended on the prosecution or defense of successful versus unsuccessful claims, fails to carry the burden borne by Plaintiffs' counsel in the presentation of the Fee Petitions. Accordingly, entries in which no such distinction is made must be excised or reduced to account for such failure.[3]

[3] The reduction requested for failure to distinguish between time devoted to successful and unsuccessful claims must be in addition to that demonstrated for the reduction of duplicative or redundant hours and fees. Thus, once the hours discussed in Part III (2)(a) are reduced accordingly, a further reduction for failure to distinguish must occur to arrive at the accurate lodestar figure. Defendants trust the reduction for failure to distinguish to this Honorable Court's discretion.

*c. Duplication of hours between Plaintiffs' counsel, DEB AND JAB, pertaining only to Plaintiff Williams after 12/27 and excessive hours billed during such time.*

Once the claims of Plaintiffs Snyder and Strohecker were settled, time strips for Plaintiff Williams evidence duplication of hours worked by both Plaintiff's counsel, DEB and JAB, and excessive hours billed for particular tasks.

Attorney JAB's billing of over 21 hours between 1/11/02 and 1/21/02 to prepare jury instructions is excessive and should be reduced. In addition, both DEB and JAB billed 8.9 hours on 1/29/02 to attend trial. Counsel should not be able to appear at trial with more than one lawyer and recovers fees for the attendance of both. Accordingly, one of the lawyers time should be excised, or alternatively the total time spent at trial should be divided amongst the lawyers and billed equally for each. Such calculations must be considered in ascertaining the hours "reasonably expended on Plaintiff Williams' case.

3. ***REDUCTION OF LODESTAR FOR DEGREE OF SUCCESS AND AMOUNT AWARDED***

The lodestar figure ultimately determined by this Honorable Court after appropriate reduction of the "reasonable rate" and "hours reasonably expended" is subject to further diminution by the Court upon consideration of "the relationship between the degree of success and the amount of the award." Cityside Archives, LTD. v. New York City Health & Hospitals Corp., 37 F. Supp. 2d 652 (D.N.J. 1999). In Hensley, *supra*, the United States Supreme Court opined:

> If...a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivilous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. ***Again, the most critical factor is the degree of success obtained.***

Hensley, 461 U.S. at 436, 103 S.Ct. 1941 (emphasis added). This Honorable Court "should award only that amount of fees that is reasonable in relation to the results obtained." Id. at 440, 103 S.Ct. at 1943.

In the present case, Plaintiffs Williams and Snyder recovered wages on only one Count of their five Count Complaints. The other four Counts of the Complaints were dismissed, either on Defendants' Motion to Dismiss or Motion for Summary Judgment. Importantly, the reasons for the grant of the aforesaid Motions, failure to state a claim on the RICO claims and lack of a private right of action for recovery of straight time pay under the U.S. Mail Contracts, must be interpreted as meaning the causes of action should never have been brought. The same is true for Plaintiff Strohecker's Complaint, consisting of three Counts, on which Plaintiff Strohecker succeeded on only one. The other two Counts were dismissed by this Honorable Court. Thus, Plaintiffs Williams and Snyder failed on eighty percent (80%) of their claims, while Plaintiff Strohecker succeeded on only

thirty three percent (33%) of her claims.[4] Plaintiffs' counsels fee award should be reduced proportionally.

In addition, this Honorable Court must consider the amount sought in recovery by Plaintiffs and the amounts claimed. Plaintiffs submitted a summary of claimed damages contemporaneously with their unsuccessful Motions for Summary Judgment. (Exhibit "G"). Plaintiff Williams requested recovery of $76,618.25, but recovered a maximum of $7,914.00, and perhaps less without liquidated damages. (Id.). Plaintiff Snyder requested sought damages in the amount of $30,979.58, but recovered only $1,200.00. (Id.). Plaintiff Strohecker claimed damages in the amount of $3,800.00, but recovered only $1,900.00. (Id.). Overall, Plaintiffs' counsel sought recovery of $255,221.98 in wages for their clients, but only recovered a maximum of $11,014.00. (Id.). Accordingly, the lodestar amount awarded to Plaintiffs counsel must be drastically reduced to account for the limited success obtained by the litigation.

## *IV. CONCLUSION*

Plaintiffs requests for attorney fees and costs are subject to reduction by the exercise of this Honorable Court's sound discretion. Based on the foregoing, Defendants respectfully submit that the Plaintiffs' Petitions be sharply reduced.

---

[4] Defendants acknowledge that the Third Circuit Court of Appeals has rejected a *per se* rule of proportionality. However, consideration of proportionality is still appropriate, however, cannot be the sole basis for reduction. In the present case, ample additional factors exist justifying reduction. See Hanley v. American Inline Graphics, Inc., 19992 U.S. Dist. LEXIS 9152 (E.D. Pa. 1992).

Respectfully submitted,

**JAMES, SMITH, DURKIN & CONNELLY, LLP**

Dated: March 1, 2002

By: ____________________

JARAD W. HANDELMAN, ESQUIRE
Attorney I.D. #82629

P.O. Box 650
Hershey, PA 17033-0650
(717) 533-3280

Attorneys for Defendants

CERTIFICATE OF SERVICE

I, JARAD W. HANDELMAN, ESQUIRE, do hereby certify that I served a true and correct copy of the foregoing Memorandum upon the following person by depositing same in the U.S. Mail, postage pre-paid at Hershey, Dauphin County, Pennsylvania this 1st day of March 2002.

SERVED UPON:

Dennis E. Boyle, Esquire
200 North Third Street, 18th Floor
P.O. Box 840
Harrisburg, PA 17108-0840

JARAD W. HANDELMAN, ESQUIRE