ORIGINAL

96

3/11/02

> to cl

FILED

MAR 0 8 2002

___ RG, PA DEPUTY C___

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY D. WILLIAMS,<br>DAWN L. STROHECKER,<br>PHILIP J. SNYDER | :<br>:<br>:<br>: **CONSOLIDATED NO. 1:CV-00-1838** |
| **Plaintiffs** | :<br>: |
| **v.** | :  **JUDGE SYLVIA H. RAMBO**<br>: |
| HENSON TRANSPORT, INC.,<br>HENSON TRUCK LEASING, INC.,<br>and BARRY HENSON | :<br>:  **JURY TRIAL DEMANDED**<br>: |
| **Defendants** | : |

**MEMORANDUM IN REPLY TO DEFENDANTS' MEMORANDUM IN
OPPOSITION TO MOTION OF PLAINTIFFS, GARY D.
WILLIAMS, DAWN L. STROHECKER AND PHILIP J. SNYDER'S
PETITIONS FOR ATTORNEYS FEES AND LIQUIDATED
DAMAGES PURSUANT TO 29 U.S.C. §213(b)**

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618
**Jodi B. Beierschmitt**
Supreme Court I.D. No. 84727

# **TABLE OF CONTENTS**

                                                                        **Page:**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    DENIAL OF LIQUIDATED DAMAGES TO PLAINTIFF WILLIAMS . . 2

II.   CALCULATION OF ATTORNEYS FEES AND COSTS . . . . . . . . . . . . 2

      A.    Reasonable Hourly Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    Time Reasonably Expended . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            1.    The Plaintiffs' Fee Petition does not contain "redundant
                  or duplicate hours." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            2.    There is no "lack of distinction" between time expended
                  on overtime claims and claims previously dismissed, in
                  that Plaintiffs have already excluded fees expended on
                  dismissed claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            3.    The Plaintiffs' assertion that the fees should be reduced
                  because of "duplication of hours of JAB and DEB" is
                  without basis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      C.    Reduction of Lodestar for Degree of Success & Amount
            Awarded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.  CONCLUSION: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Cases:**                                                                     **Page(s):**

*1st Westco Corp. v. School Dist. of Philadelphia,* 1994 WL 18632,
*6 (E.D. Pa.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939 (1989) . . . . . . . . . . . . . . . . 5

*Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541 (1984) . . . . . . . . . . . . . . . . . . 2

*Central Delaware Branch of the N.A.A.C.P. v. Dover,*
123 F.R.D. 85 (D. Del. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct. 2638 (1992) . . . . . . . . . . . 5

*Gates v. Deukmejian,* 987 F.2d 1392 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . 6

*Griffin v. Leaseway Deliveries, Inc.,* 1992 WL 398381,
*5 (E.D. Pa.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933 (1983) . . . . . . . . . . . . . . . 14

*Lyon v. Whisman,* 1994 WL 827159 (D. Del.) . . . . . . . . . . . . . . . . . . . . . . . 2

*May v. Cooperman,* 582 F.Supp. 1458 (D.N.J. 1984),
*aff'd,* 857 F.2d 1465 (3rd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Northeast Women's Center v. McMonagle,* 889 F.2d 466,
475 (3rd Cir. 1989), *cert. denied,* 494 U.S. 1068 (1990) . . . . . . . . . . . . . . . . . 13

*Perkins v. Mobile Housing Board,* 847 F.2d 735 (11th Cir. 1988) . . . . . . . . . . . . . 6

*U.S. ex rel. John Doe I v. Pennsylvania Blue Shield*,
54 F.Supp.2d 410 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United Slate, Tile and Composition Roofers, Damp and
Waterproof Workers Ass'n, Local 307 v. G & M Roofing and
Sheet Metal Co., Inc.*, 732 F.2d 495 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Washington v. Philadelphia County Court of Common Pleas*,
89 F.3d 1031 (3rd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I.   DENIAL OF LIQUIDATED DAMAGES TO PLAINTIFF WILLIAMS:

In their Memorandum in Opposition to the Plaintiffs' Petition, Defendants argue that Barry Henson had an "honest intention to ascertain and follow" the dictates of the FLSA. Specifically, the Defendants claim that this alleged confusion occurred as the result of "certain individuals performing exempt and non-exempt tasks simultaneously." Memorandum of Defendants, p. 2. However, the Jury found explicitly, despite Barry Henson's testimony to the contrary, that Mr. Williams was not a mechanic. In essence, the Jury found that Mr. Williams did not perform <u>any</u> mechanical duties. A denial of liquidated damages for Mr. Williams on the basis that Mr. Henson was confused about Mr. Williams' job responsibilities would be in direct contraction to the jury's finding that Mr Williams <u>never</u> performed non-exempt tasks.

## II.   CALCULATION OF ATTORNEYS FEES AND COSTS:

A fee opponent must present specific evidence challenging the reasonableness of the requested rates or the time expended." *Central Delaware Branch of the N.A.A.C.P. v. Dover*, 123 F.R.D. 85, 88 (D. Del. 1988) (*citing, Blum v. Stenson,* 465 U.S. 886, 896, n. 11, 897, 104 S.Ct. 1541, 1547-48, (1984); *Lyon v. Whisman*, 1994 WL 827159, *1 (D. Del.). The Defendants have not presented "specific evidence"

2

but have merely provided an inaccurate recitation of facts and mischaracterization of the Plaintiffs' fee petition. The thread of dishonesty underlying this entire litigation also underlies Defendants' response to Plaintiffs' fee petition.

Although Defendants ultimately acknowledged complete and total liability with regard to the overtime compensation claims of Phillip Snyder and Dawn Strohecker, they waited until what was practically the eve of trial to settle such claims, thereby forcing the Plaintiffs to go through the preparation for trial of those claims. Now, the Defendants ironically claim that too much time was spent with regard to preparing for those claims.

In reality, the time and fees expended were a direct result of the Defendants' refusal to cooperate. Throughout this litigation, the Defendants themselves caused the Plaintiffs to incur additional attorneys fees. For example, the Defendants refused to produce complete time records for Plaintiffs Williams, Strohecker, and Snyder indicating overtime worked, and as acknowledged by Stephanie Henson in her deposition, have no idea whether all copies of the information provided to Noel Marks were provided to the Plaintiffs in discovery. Depo. of S. Henson, p. 20. Countless discovery extensions were granted in an attempt to accommodate the

3

Defendants, yet the Defendants still refused to submit the documents, for whatever reason. As a result, the Plaintiffs had to sift through boxes and boxes of miscellaneous and sporadic time and payroll records which were gathered by the Plaintiffs themselves, in an attempt to locate such documents on their own. How can the Defendants object to that time spent as unreasonable where a great portion of the time spent litigating this matter was the direct result of the Defendants' own doing?

Defendants present no "specific evidence" challenging the reasonableness of Plaintiffs' attorneys fees, but instead, rely upon mere speculation and innuendo, and repeatedly mischaracterize the Plaintiffs' fees. Since Defendants have not submitted any contrary evidence that Plaintiffs' fees were spent on unsuccessful claims, or that such work was duplicative, the Plaintiffs' fee petition should be granted in its entirety.

A.    Reasonable Hourly Rate:

Although the Defendants concede that the Plaintiffs' Attorneys' hourly rate is reasonable, the Defendants accuse the Plaintiffs' attorneys of seeking a "windfall" of attorneys fees. The Defendants support this proposition by blatantly mischaracterizing the Plaintiffs' fee agreements - stating that Plaintiffs had a

4

"contingent fee agreement" which should thereby affect the Plaintiffs' attorneys fee recovery. This, the Defendants do, even though the attached fee agreements indicate to the contrary that Plaintiffs' attorneys "shall receive either statutory attorney fee at their customary hourly rates or a sum equal to thirty three and one-third percent (33⅓ %) of any amount recovered on account of said claim prior to trial of the action...." (emphasis added).

Even if the fee agreements were strict contingent fee agreements, it is well established that a FLSA fee award should not be limited by a contingent fee agreement. The Supreme Court has rejected fee awards based on a percentage of damages recovered in favor of the lodestar approach even when this results in a fee substantially exceeding the amount provided in a contingent fee agreement between a plaintiff and counsel. *See, City of Burlington v. Dague*, 505 U.S. 557, 566, 112 S.Ct. 2638, 2643 (1992); *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 946 (1989). *See also, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 504 (6th Cir. 1984) (FLSA fee award should not be limited by contingent fee agreement). The Court in *United Slate* explained that if fee awards were limited to

5

a percentage of damages in FLSA cases, employers effectively could withhold compensation due which was less than the amount generally required successfully to sue for it. *Id.* at 503. This would undermine the important public interest in ensuring fair compensation and decent labor conditions which underlies the FLSA. *Griffin v. Leaseway Deliveries, Inc.*, 1992 WL 398381, *5 (E.D. Pa.).

B.    Time Reasonably Expended:

The Defendants next attack the "time reasonably expended." They do so by arguing (1) the elimination of redundant or duplicate hours; (2) the lack of distinction between time expended on overtime claims and claims dismissed; and (3) duplication of hours between Plaintiffs' counsel DEB and JAB pertaining only to Plaintiff Williams after 12/27 and excessive hours billed during such time. Defendant must show that "the time claimed is obviously and convincingly excessive." *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988); *see also, Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992). The Defendants have failed to do so.

1.    The Plaintiffs' Fee Petition does not contain "redundant or duplicate hours."

6

The Defendants contend that "Plaintiff's counsel has charged the three Plaintiffs with all the time devoted to tasks performed on behalf of all seven original Plaintiffs." To support this argument, the Defendants present a chart attached to their Memorandum as Exhibit C, which reduces the time spent by 1/7. The Defendants suggest that all time entries prior to 12/4/01 be divided by seven, and time entries after 12/4/01 be divided by three. In direct contradiction to that, the Defendants then attack Plaintiffs' hours for duplication for virtually identical description of tasks for three petitioner Plaintiffs with identical time entries for each such task. Has it not occurred to the Defendants that Plaintiffs have already divided such time by three, which clearly explains the "identical time entries" for each task for each Plaintiff? Or have the Defendants merely chosen to ignore the Plaintiffs' assertion in their Memorandum that:

> [t]he Plaintiffs have requested attorneys fees and costs only for the time spent on the cases of Dawn Strohecker, Philip Snyder, and Gary Williams, and only for the causes of action upon which Plaintiffs prevailed. Additionally although Plaintiffs have conducted activities and research regarding all original Plaintiffs to the action, Plaintiffs have requested compensation representing only the fraction of time devoted to Dawn Strohecker, Philip Snyder, and Gary Williams.

7

Memorandum in Support of Plaintiffs', Gary D. Williams, Dawn L. Strohecker and Philip J. Snyder's Petitions for Attorneys Fees and Liquidated Damages p. 5.

Perhaps Defendants failed to notice that the Plaintiffs' attorneys fees <u>have already been reduced</u>. For example, the time spent on one task prior to December 4, 2001, was divided equally between all seven original Plaintiffs, just as the Defendants suggest should be done. Likewise, after December 4, 2001, the total number of hours expended on one task were divided by three and apportioned equally among the Plaintiffs, just as the Defendants suggest should be done. Thus, the Defendants' argument and inaccurately constructed supporting Exhibits should be disregarded because the time has already been appropriately divided. In fact, the affidavits submitted on behalf of each of the Plaintiffs indicate the time expended only for that Plaintiff. *See,* Affidavits of D. Boyle, J. Beierschmitt, and L. Dobbin. These Affidavits are clear and unambiguous. Again, Defendants submit no evidence to contradict this sworn testimony.

An exception to this general rule occurred in the Plaintiffs' billing records <u>only</u> where the task performed would have necessarily been performed whether there was one plaintiff, or several. The Defendants' example on page 7 of Defendants'

Memorandum can be used to illustrate the Defendants' misunderstanding. Specifically, drafting of interrogatories for one Plaintiff would take substantially the same amount of time for drafting identical interrogatories for three Plaintiffs. The interrogatories which were drafted in this case were of a general nature and did not specifically relate to any of the Plaintiffs' dismissed claims.

Thus, the time spent was divided amongst the three remaining Plaintiffs, even though it occurred before the claims of the other Plaintiffs had been dismissed. Had there been only one Plaintiff, Plaintiffs could have charged Gary Williams with the entire 7.8 hours spent drafting interrogatories for the overtime compensation portion of the Complaint only. Defendants' "speculation" that JAB spent 18.2 hours drafting Interrogatories is entirely erroneous.

By way of further example, on August 23, 2001, the depositions of Barry and Stephanie Henson were taken by JAB. The depositions lasted for 5.7 hours. This time was equally apportioned amongst Mr. Williams, Mr. Snyder, and Ms. Strohecker. Since these Depositions would have necessarily been taken had their

only been overtime compensation claims brought on behalf of these three plaintiffs, the entire time spent was included and divided equally.[1]

2.    <u>There is no "lack of distinction" between time expended on overtime claims and claims previously dismissed, in that Plaintiffs have already excluded fees expended on dismissed claims.</u>

The Defendants *again* fail to recognize the provision in Plaintiffs' Memorandum which indicates that the fees for the Plaintiffs have already been reduced by the Plaintiffs themselves.  The Defendants make unsupported claims and merely speculate that the Plaintiffs have not delineated their time records

---

[1] Notwithstanding the fact that Plaintiffs have only included the time spent on these claims with regard to these Defendants, all claims in this case result from a common core of facts.  Under *Hensley v. Eckerhart,* 461 U.S. 424,  103 S.Ct. 1933 (1983),  and *Texas State Teachers Ass'n, et al, v. Garland Independent School District*, 489 U.S. 782, 109 S.Ct. 1486 (1989),  the  court must consider whether the failed claim was unrelated to the successful claim or whether the claims involve a common core of facts <u>or</u> are based on related legal theories before excluding recovery for those fees.  In this case, all claims, both successful and unsuccessful, were based upon  Barry Henson depriving his employees of wages to which they were entitled. Much of the time spent preparing for the case as a whole was spent attempting to gain access to the Defendants' records (some of which were never turned over to the Plaintiffs)  and then sorting through them, which would have been necessary had there only been three Plaintiffs asserting only claims for overtime compensation. Additionally, the research and preparation of the part of the case dealing with piercing the corporate veil would have been necessarily performed whether there was one Plaintiff, or one hundred.

appropriately in direct contradiction to the Plaintiffs' blatant assertion that all time records have been appropriately apportioned.  In fact, hundreds of hours for work not related to these cases have not been included in the Fee Petition. The Plaintiffs  are prohibited by the doctrine of the attorney-client privilege to submit the billing records of those Plaintiffs, whose claims had been dismissed. However, the Affidavits submitted by the Plaintiffs' Attorneys affirm that the fees have been proportionally reduced <u>before</u> they were submitted, and no time has been included for causes of action for  co-plaintiffs whose cases were dismissed.

If the Defendants seek to attack the amount of time spent on particular tasks as excessive they should do so, as a reduction would be entirely within this Court's discretion.  However, the Defendants cannot attack the Plaintiffs' petition and fees for failing to make a distinction where the Plaintiffs' Petition and supporting Memorandum clearly indicate to the contrary.

3.    <u>The Plaintiffs' assertion that the fees should be reduced because of "duplication of hours of JAB and DEB" is without basis.</u>

The Defendants next argue that "counsel should not be able to appear at trial with more than one lawyer and recover fees for attendance of both." The Defendant

11

proposes that the total time spent at trial "should be divided amongst the lawyers and billed equally for each." This assertion is not only preposterous, but has been directly rejected by the Middle District of Pennsylvania. *See*, *U.S. ex rel. John Doe I v. Pennsylvania Blue Shield*, 54 F.Supp.2d 410, 415 (1999) (stating that "[w]e disagree with defendant's general proposition that it is inherently unreasonable to have more than one attorney involved in such matters as meetings and telephone conferences, and see no basis for excluding hours from the lodestar calculation based on 'duplication of effort '"). Furthermore, it has routinely been found reasonable to have two attorneys present at trial. *May v. Cooperman*, 582 F.Supp. 1458, 1460 (D.N.J. 1984), *aff'd*, 857 F.2d 1465 (3rd Cir. 1988); *1st Westco Corp. v. School Dist. of Philadelphia,* 1994 WL 18632, *6 (E.D. Pa.)[2] Thus, this allegation too, is meritless.

C.   **Reduction of Lodestar for Degree of Success & Amount Awarded:**

---

[2] Here, and at numerous points in the Memorandum, Defendants attack the amount of time spent by JAB on various tasks. However, it should be noted that JAB's hourly rate is  merely $90 per hour and this should be considered when determining the time to perform a particular task. *See, Rainey v. Phila. Hous. Auth.*, 832 F.Supp. 127, 130 (E.D.Pa.1993) (noting "the higher the allowed hourly rate commanded based on skill and experience, the shorter the time it should require an attorney to perform a particular task").

Finally, Defendants allege that the amount of attorneys fees should be reduced because of the "degree of success and the amount of the award." To support this argument the Defendants provide an array of mathematical calculations which divide into proportions the amounts claimed and awarded.

However, the proportionality rule cited by Defendants has been explicitly rejected by the Third Circuit, *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1039-43 (3rd Cir. 1996);  *Northeast Women's Center v. McMonagle,* 889 F.2d 466, 469, 475 (3rd Cir. 1989), *cert. denied*, 494 U.S. 1068 (1990) (where the court allowed the plaintiff to recover in attorneys' fees an amount far in excess of the jury award. *Id.* at 468, 470 (damages of $2661 and attorneys' fees of $64,946.11)[3]. It is noteworthy that Defendants have cited <u>no authority</u> from the

---

[3] A proportionality reduction would only make sense if the Plaintiffs failed to segregate time records between successful and unsuccessful claims and clients while keeping time. In this case, the Plaintiffs kept accurate time records for each Plaintiff and each claim and submitted only that time expended on successful Plaintiffs and claims as previously submitted to the Court.

To proceed as Defendants suggest, it would be necessary to include several hundred additional hours for Plaintiffs and claims for which Plaintiffs did not prevail, and then attempt to eliminate that time. By not attempting to collect for any of this time, the Plaintiffs have avoided this substantial administrative burden. Should the

13

Third Circuit, or the Middle District of Pennsylvania indicating that it can even be a consideration.[4]

It is true, however, that a court can consider the degree of success when making an award. The proper standard was set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 1943 (1983), where the court explained:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee

461 U.S. 424, 440, 103 S.Ct. 1933, 1943 (1983).

---

Third Circuit reinstate any of the dismissed claims, a fee petition will be forthcoming at the appropriate time.

[4] Even if a proportionality analysis were at all relevant, the Defendants have inaccurately performed the calculations. To illustrate, the Defendants deceptively claim that Ms. Strohecker was only successful on 33% of her claims, in that she recovered only $1,900, where she had claimed $3,900. First of all, as reflected in Table 4 of Plaintiffs' Brief in Support of Motion for Summary Judgment, <u>Dawn Strohecker claimed only $1,900 in damages,</u> making Ms. Strohecker 100% successful. Incidentally, if she had claimed $3,900, recovery of $1,900 would make her 49% successful. In summary, the Defendants appear to not only be creating their own facts, but creating their own system of mathematical calculations as well.

14

As previously noted, the Plaintiffs have <u>already excluded</u> from their Fee Petition the time spent on the unsuccessful claims. In other words, the Plaintiffs have only included the time spent working on Dawn Strohecker's, Phil Snyder's, and Gary William's overtime claims. Thus, the appropriate inquiry in this case is "the extent of the plaintiff's success" with regard to the overtime compensation claims only. The jury trial in this case resulted in complete recovery for Gary Williams as to his overtime compensation claims. The Jury, although having the opportunity in its verdict form to do otherwise, did not award Mr Williams uncompensated overtime wages for a mere portion of his time spent, but awarded Mr. Williams the <u>entire</u> amount set forth in the Department of Labor Calculations. Dawn Strohecker and Phil Snyder were also successful in recovering the full amount of overtime compensation as calculated by the Department of Labor.

Thus, since these three Plaintiffs were ultimately one hundred percent successful on their overtime compensation claims, they should be awarded all attorneys fees which were spent with respect to those claims.

## III.    CONCLUSION:

For the reasons set forth above, it is requested that Plaintiffs' Petition be granted in its entirety.

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

_____

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618

**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 N. 3rd Street, 18th Floor
P. O. Box 840
Harrisburg  PA  17108-0840
Telephone:  (717) 236-3010
Facsimile:  (717) 234-1925

Counsel For: Plaintiffs

Dated:  March 8, 2002

## CERTIFICATE OF COMPLIANCE WITH
## <u>MIDDLE DISTRICT LOCAL RULE 7.8</u>

I hereby certify that this Brief complies with Middle District Local Rule 7.8,

in that it contains  3,081 words as calculated by the word processing program used

in the preparation of this Memorandum.

_____

Jodi A. Beierschmitt, Esquire

Dated:  March 8, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I served a copy of the foregoing Memorandum in Reply to Defendants' Brief in Opposition to Plaintiffs Petition for Attorney Fees by United States First Class Mail addressed to the party(ies) or attorney(s) of record at the address(es) listed below:

Jarad W. Handelman, Esquire
James, Smith, Durkin & Connelly, LLP
134 Sipe Avenue
P. O. Box 650
Hershey  PA  17033


Penny A. Rogers, Legal Assistant to
Dennis E. Boyle, Esquire

Dated:  March 8, 2002