

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY D. WILLIAMS,
PHILIP J. SNYDER, and
DAWN L. STROHECKER,

    Plaintiffs

v.

HENSON TRANSPORT, INC.,
HENSON TRUCK LEASING, INC.,
and BARRY HENSON,

    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL NO. 1:CV-00-1838

**FILED**

JUL 2 3 2002

PER _____ *MA*
HARRISBURG, PA  DEPUTY CLERK

# MEMORANDUM

Before the court are petitions for awards of attorneys' fees, costs and liquidated damages on behalf of the captioned Plaintiffs. Defendants oppose the award for liquidated damages and the reasonableness of the amount of requested fees. The matter is ripe for disposition.

I.        Liquidated Damages

Defendants claim that they had an "honest intention to ascertain and follow" the dictates of the Federal Labor Standards Act ("FLSA") as evinced by having a member of the Department of Labor to the workplace to discuss the issue of overtime compensation for employees. Title 29 U.S.C. § 260 provides, in pertinent part, that ". . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA . . . the court may, in its sound discretion, award no liquidated damages . . . ."

To demonstrate subjective good faith, the employer must show that it acted with the honest intention to ascertain what FLSA requires and to act in accordance with it. *Yourman v. Dinkins*, 865 F. Supp. 154 (S.D.N.Y. 1994).

In this case, Defendants do not assert that the Department of Labor employee advised them that their employees were properly classified under FLSA and that he acted in reliance thereon. In their trial brief, Defendants claim they are not subject to liquidated damages based on Plaintiff's commingling of exempt and non-exempt tasks. This is an entirely different reason than the one set forth in their brief in opposition to Plaintiffs' petitions for fees and damages. The jury did not accept the reasoning set forth in Defendants' trial brief and as presented at trial.

Defendants have failed to carry their burden to show good faith.

II.          Attorney's Fees and Costs

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court established that in fee-shifting cases, the thrust of a fee award is the "lodestar" – the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services.[1] *Id.* at 433.

In the instant case, Defendants dispute the element of "time reasonably expended." Defendants dispute or claim that (1) the petition contains redundant or duplicate hours; (2) there is a lack of distinction between time expended on claims that went to trial and were successful from claims that were dismissed; (3) the petition contains duplication of hours between Plaintiffs' attorneys Dennis F. Boyle

---

[1] In the instant case, Defendants do not dispute the hourly rate.

and Jodi A. Beierschmitt, and (4) the degree of success is disproportionate to the amount requested.

A.    Redundant and Duplicate Hours

In the affidavits submitted in support of the fee petition, Plaintiffs' attorneys aver that the times expended applied specifically for each Plaintiff. They further assert that the time allocated to each Plaintiff was for the successful claims and that requested compensated time has already been apportioned among the successful and unsuccessful claims and parties. This court has repeatedly reviewed the fee petitions and cannot find anything to contradict these averments.

B.    Lack of Distinction Between Time Expended
       On Successful and Unsuccessful Claims

The response of this court in section II.A. applies to this objection as well.

C.    Duplication of Hours Between Counsel

Defendants argue that both counsel should not have appeared at trial. Plaintiffs point out in their brief that this circuit has found it reasonable to have two attorneys present at trial. *May v. Cooperman*, 582 F. Supp. 1458, 1460 (D.N.J. 1984), *aff'd*, 857 F.2d 1465 (3d Cir, 1988).

D.    Proportionality/Reduction of Lodestar

The Third Circuit has ruled that the lodestar should not be reduced simply because a plaintiff recovered a low damage award. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1039-43 (3d Cir. 1996); *Davis v. Southeastern Pa. Transp. Auth.*, 924 F.2d 51, 55 (3d Cir. 1991); *Northeast Women's Center v. McMonagle*, 889 F.2d 466, 476-77 (3d Cir. 1989), *cert. denied*, 494 U.S. 1068 (1990)(rejecting contention that antiproportionality

holding in *Riverside v. Rivera*, 477 U.S. 561 (1986), applies only in civil rights cases); *Cunningham v. City of McKeesport*, 807 F.2d 49, 53-54 (3d Cir. 1986) (rejecting suggestion that disproportionate fee award is permissible only if suit advances substantial public interest).

Defendant cites no contrary authority.

III.      Conclusion

There appears to be no bases advanced by Defendants to reduce the amounts requested in the fee petitions.[2] Fees, costs and liquidated damages will be granted. An appropriate order will be issued.

_____
SYLVIA H. RAMBO
United States District Judge

Dated: July *23*, 2002.

---

[2]No objection has been raised as to the costs requested for reimbursement.